UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 08cv11864-RWZ

MOISES A. MORALES

v.

BROCKTON SUPERIOR COURT, *et al.*

ORDER
August 25, 2011

ZOBEL, D.J.

Plaintiff filed this action pro se on November 6, 2008, against the Brockton Superior Court, several judges of the Superior Court and the Appeals Court, the Attorney General of the Commonwealth, numerous guards, correctional officers, and administrators of several institutions, medical personnel and agencies in several institutions, the State of Rhode Island and the Commonwealth of Massachusetts. On December 8, 2008, the court ordered him to show cause within 42 days why the complaint should not be dismissed or to file an amended complaint that cured the deficiencies of the original. Since the amended complaint was also deficient, the court, on January 4, 2010, ordered plaintiff to try again and file, by February 8, 2010, a complaint that complies with the Federal Rules of Procedure. Plaintiff did not respond and the court dismissed the case on March 30, 2010, for failure to obey the January 4, 2010, order.

On April 13, 2010, plaintiff moved for reconsideration of the dismissal on the

ground that he had not been notified of the January 4, 2010, order (Docket # 12). The motion was allowed and plaintiff ordered to file a Second Amended Complaint by June 10, 2010. He submitted such on May 27 and the court reopened the action, allowed his motion for appointment of counsel and referred the matter to the Court's Plan for the Appointment of Counsel for Indigent Parties in Civil Cases. The search for counsel, although lengthy, was unsuccessful. As a result, on October 22, 2010, the court issued an order explaining that plaintiff would have to proceed without counsel, and it ordered the clerk to issue summonses as to certain defendants and the Marshal to serve them (Docket # 17). Service was made as ordered. Plaintiff then moved for reconsideration of the denial of the motion for the appointment of counsel and to amend the complaint (Docket # 29). On December 23, 2010, the court denied reconsideration but allowed the motion to amend. In the meantime, defendants had, on December 22, moved for an extension of time to file responsive pleadings within 60 days after the court ruled on the request to amend the complaint (Docket # 30).

On January 4, 2011, defendants moved to dismiss for lack of prosecution based on plaintiff's failure, for the second time, to notify the court and counsel of a change of his address (Docket # 32). They state that they tried, unsuccessfully, to serve Docket # 30 as plaintiff had been released from the Worcester County jail and counsel were unable to locate him. One month later, plaintiff having failed to check in, the court allowed the motion and the case was dismissed for the second time on February 4, 2010. Within three days plaintiff notified the court of a change of address which changed again one month later, March 17, 2011 (Docket ## 36 and 37). On that day

2

plaintiff also moved for reconsideration of the dismissal and for a stay pending appointment of counsel (Docket # 38). On June 14, the court allowed the former and ordered plaintiff to file any opposition to the motion to dismiss within 28 days, but denied the latter.

Now before me are plaintiff's motions for extension of time (Docket # 40) and for reconsideration of the denial of counsel (Docket # 42), filed on July 14. As this detailed recitation of the record shows, plaintiff has consistently been less than diligent in adhering to the court's and the rules' temporal requirements and has thus spawned a cycle of consequences followed by reconsideration, a new time line followed by another failure to comply, followed again by consequences. Nonetheless, because the request for an extension was filed within the time allowed for the opposition, it is allowed. Plaintiff shall file his opposition to the motion to dismiss on or before September 6, 2011. There will be no further extensions. The motion for reconsideration pertaining to counsel is denied once again and finally.

|     August 25, 2011     | /s/Rya W. Zobel |
|---|---|
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |